## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 23-cv-61028-BLOOM/Otazo-Reyes

YVES SAINT LAURENT S.A.S.,

        Plaintiff,

v.

THE INDIVIDUALS, BUSINESS ENTITIES
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

        Defendants.

_____/

### ORDER ON MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Yves Saint Laurent S.A.S. ("Plaintiff"),

Motion for Entry of Final Default Judgment Against Defendants, ECF No. [41] ("Motion"), filed

on August 17, 2023. A Clerk's Default was entered against Defendants on July 20, 2023, ECF No.

[32], as Defendants failed to appear, answer, or otherwise plead to the Amended Complaint, ECF

No. [18], despite having been served. *See* ECF No. [22]. The Court has carefully considered the

Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following

reasons, Plaintiff's Motion is **GRANTED**.

### I.  INTRODUCTION

Plaintiff sued Defendants for trademark counterfeiting and infringement under § 32 of the

Lanham Act, 15 U.S.C. § 1114; false designation of origin under § 43(a) of the Lanham Act, 15

U.S.C. § 1125(a); cybersquatting under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(d); common-

law unfair competition; and common law trademark infringement. The Amended Complaint

alleges that Defendants are promoting, advertising, distributing, offering for sale and selling goods

bearing and/or using counterfeits and confusingly similar imitations of Plaintiff's registered

trademarks within the Southern District of Florida by operating Internet based e-commerce stores under the seller names set forth on Schedule "A" attached to Plaintiff's Motion for Entry of Final Default Judgment (the "E-commerce Store Names"). *See* ECF No. [41] at 19-25.

Plaintiff further asserts that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiff because Defendants have (1) deprived Plaintiff of its rights to determine the manner in which its trademarks are presented to the public through merchandising; (2) defrauded the public into thinking Defendants' goods are goods authorized by Plaintiff; (3) deceived the public as to Plaintiff's association with Defendants' goods and the e-commerce stores that market and sell the goods; and (4) wrongfully traded and capitalized on Plaintiff's reputation and goodwill, as well as the commercial value of Plaintiff's trademarks.

In its Motion, Plaintiff seeks the entry of default final judgment against Defendants[1] in an action alleging trademark counterfeiting and infringement, false designation of origin, cybersquatting, common-law unfair competition, and common law trademark infringement. Plaintiff further requests that the Court (1) enjoin Defendants from producing or selling goods that infringe its trademarks; (2) cancel, or at Plaintiff's election, transfer the e-commerce store names at issue to Plaintiff; (3) assign all rights, title, and interest, to the e-commerce store names to Plaintiff and permanently delist or deindex the e-commerce store names from any Internet search engines; and (4) award statutory damages.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "[A] defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh,* 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v.*

---

[1] Defendants are the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A" of Plaintiff's Motion, and Schedule "A" of this Order. *See* ECF No. [41] at 19-25.

*Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206. Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.; see also Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint and is therefore established by the entry of default."). Upon a review of Plaintiff's submissions, there is a sufficient basis in the pleading for the default judgment to be entered in favor of Plaintiff.

## II.  FACTUAL BACKGROUND[2]

Plaintiff is the owner of the following trademarks (the "YSL Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office (USPTO):

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| YVES SAINT LAURENT | 0,901,660 | November 3, 1970 | IC 018: handbags. |
|  | 1,711,127 | September 1, 1992 | IC 006: keyholders.<br><br>IC 009: sunglasses, optical frames and cases for glasses.<br><br>IC 014: jewelry, clocks and watches.<br><br>IC 018: handbags, luggage, tote bags, briefcases, wallets, billfolds, change purses, and key fobs.<br><br>IC 025: women's and girls' apparel; namely, dresses, gowns, |

---

[2] The factual background is taken from Plaintiff's Amended Complaint, ECF No. [18], Plaintiff's Motion for Entry of Final Default Judgment Against Defendants, ECF No. [41], and supporting evidentiary submissions.

Case No. 23-cv-61028-BLOOM/Otazo-Reyes

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| | | | skirts, slacks, pants, suits, blouses, shirts, sweaters, jeans, neckwear, scarves, belts, sleepwear, underwear, lingerie, robes, camisoles, slips, brassieres, robes, swimwear, beach cover-ups, shoes, slippers, sandals, boots, gloves, hosiery, tights, coats, raincoats, jackets, capes, shawls, fur muffs and headwear; men's and boys apparel; namely, outercoats, raincoats, blazers, sportcoats, vests, suits, pants, jackets, tuxedos, shirts, jeans, sweaters, neckwear, pocket squares, pajamas, night shirts, robes, bath wraps, shoes, sandals, slippers, hosiery, socks, gloves, scarves, hats, swimwear, belts and suspenders. |
| YVES SAINT LAURENT | 1,712,998 | September 8, 1992 | IC 006: keyholders.<br><br>IC 009: sunglasses, optical frames and cases for glasses.<br><br>IC 014: jewelry, clocks and watches.<br><br>IC 018: handbags, luggage, tote bags, briefcases, wallets, billfolds, change purses and key fobs.<br><br>IC 025: women's and girl's apparel; namely, dresses, gowns, skirts, slacks, pants, suits, blouses, shirts, sweaters, jeans, neckwear, scarves, belts, sleepwear, underwear, lingerie, robes, camisoles, slips, brassieres, robes, swimwear, beach cover-ups, shoes, slippers, sandals, gloves, hosiery, tights, leotards, leg warmers, coats, raincoats, |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| | | | jackets, capes, shawls, fur muffs and headwear; men's and boys' apparel; namely, outercoats, raincoats, blazers, sportcoats, vests, suits, pants, dinner jackets, jackets, tuxedos, shirts, jeans, sweaters, neckwear, pocket squares, pajamas, night shirts, robes, bath wraps, shoes, boots, sandals, slippers, hosiery, socks, gloves, scarves, hats, swimwear, belts and suspenders. |
| YSL | 1,712,999 | September 8, 1992 | IC 006: keyholders.<br><br>IC 009: sunglasses, optical frames and cases for glasses.<br><br>IC 014: jewelry, clocks and watches.<br><br>IC 018: handbags, luggage, tote bags, briefcases, wallets, billfolds, change purses, and key fobs.<br><br>IC 025: women's and girl's apparel; namely, dresses, gowns, skirts, slacks, pants, suits, blouses, shirts, sweaters, jeans, neckwear, scarves, belts, sleepwear, underwear, lingerie, robes, camisoles, slips, brassieres, robes, swimwear, beach cover-ups, shoes, slippers, sandals, boots, gloves, hosiery, tights, coats, raincoats, jackets, capes, shawls, fur muffs and headwear; men's and boy's apparel; namely, outercoats, raincoats, blazers, sportcoats, vests, suits, pants, jackets, tuxedos, shirts, jeans, sweaters, neckwear, pocket squares, pajamas, night shirts, robes, bath wraps, shoes, sandals, |

Case No. 23-cv-61028-BLOOM/Otazo-Reyes

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| | | | slippers, hosiery, socks, gloves, scarves, hats, swimwear, belts and suspenders. |
| YVES SAINT LAURENT | 1,745,483 | January 12, 1993 | IC 006: keyholders and metal pillboxes.<br><br>IC 009: sunglasses, optical frames and cases for glasses.<br><br>IC 014: jewelry, clocks and watches.<br><br>IC 016: stationery; namely, pens, pencils and playing cards.<br><br>IC 018: handbags, luggage, tote bags, briefcases, wallets, billfolds, change purses.<br><br>IC 025: women's and girl's apparel; namely, dresses, gowns, skirts, slacks, pants, suits, blouses, shirts, sweaters, jeans, neckwear, scarves, belts, sleepwear, underwear, lingerie, robes, camisoles, slips, brassieres, robes, swimwear, beach cover-ups, shoes, slippers, sandals, gloves, hosiery, tights, leotards, coats, raincoats, jackets, capes, shawls, fur muffs and headwear; men's and boys apparel; namely, outercoats, raincoats, blazers, sportcoats, vests, suits, pants, dinner jackets, jackets, tuxedos, shirts, jeans, sweaters, neckwear, pocket squares, pajamas, night shirts, robes, bath wraps, shoes, boots, sandals, slippers, hosiery, socks, gloves, scarves, hats, swimwear, belts and suspenders. |
| SAINT LAURENT PARIS | 5,195,857 | May 2, 2017 | IC 009: sunglasses; accessories for telephones, mobile telephones, smartphones, video |

Case No. 23-cv-61028-BLOOM/Otazo-Reyes

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
|  |  |  | phones, tablet computers, PDAs (personal digital assistants) and MP3 players, namely, covers, cases, cases and covers for portable computers, covers; USB flash drives.<br><br>IC 014: precious metals and their alloys; jewellery of alloys and plated, namely, rings, earrings, cuff links, bracelets, brooches, pendants, charms, chains and watch chains, necklaces, medals, medallions; semi-precious stones: jewellery cases.<br><br>IC 018: leather and imitations of leather, animal skins and imitation animal skins; leather goods and imitation of leather goods, namely, handbags, shoulder bags, messenger bags, tote bags, luggage, wallets, purses, notecard cases, briefcases, attaché cases, school bags, school satchels, beach bags, bags for sports, belt bags, sling bags for travel, suitcases, trunks, travelling bags, rucksacks, shopping bags, clutch bags, pouches; vanity cases sold empty, toiletry bags sold empty, garment bags for travel, travelling sets, namely, coordinated luggage sets for travel, key cases in leather.<br><br>IC 025: men's, women's and children's clothing, namely, suits, coats, jackets, pants, shirts, raincoats, sweatsuits, underwear, pullovers, knit shirts, and under garments; evening wear, namely, evening dresses, evening gowns, evening wraps, tuxedos, blazers, |

Case No. 23-cv-61028-BLOOM/Otazo-Reyes

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| | | | and three-quarter coats; hosiery, namely, socks and stockings; knitwear clothing, namely, sweaters, knitted underwear, and knit caps; sportswear, namely, sports shirts, sport jerseys, sport pants; clothing accessories, namely, suspenders, ties, bow ties, and scarves; belts for clothing; gloves; footwear and headwear. |
| SAINT LAURENT | 5,266,193 | August 15, 2017 | IC 009: sunglasses; accessories for telephones, mobile telephones, smartphones, video phones, tablet computers, PDAs (personal digital assistants) and MP3 players, namely, covers, cases, cases and covers for portable computers, covers; USB flash drives.<br><br>IC 014: precious metals and their alloys; jewellery of alloys and plated, namely, rings, earrings, cuff links, bracelets, brooches, pendants, charms, chains and watch chains, necklaces, medals, medallions; semi-precious stones: jewellery cases.<br><br>IC 018: leather and imitations of leather, animal skins and imitation animal skins; leather goods and imitation of leather goods, namely, handbags, shoulder bags, messenger bags, tote bags, luggage, wallets, purses, notecard cases, briefcases, attaché cases, school bags, school satchels, beach bags, bags for sports, belt bags, sling bags for travel, suitcases, trunks, travelling bags, rucksacks, shopping bags, clutch bags, |

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| | | | pouches; vanity cases sold empty, toiletry bags sold empty, garment bags for travel, travelling sets, namely, coordinated luggage sets for travel, key cases in leather.<br><br>IC 025: men's, women's and children's clothing, namely, suits, coats, jackets, pants, shirts, raincoats, sweatsuits, underwear, pullovers, knit shirts, and under garments; evening wear, namely, evening dresses, evening gowns, evening wraps, tuxedos, blazers, and three-quarter coats; hosiery, namely, socks and stockings; knitwear clothing, namely, sweaters, knitted underwear, and knit caps; sportswear, namely, sports shirts, sport jerseys, sport pants; clothing accessories, namely, suspenders, ties, bow ties, and scarves; belts for clothing; gloves; footwear and headwear. |

*See* ECF Nos. [10-1] at 4; [18-1] (containing Certificates of Registrations for the YSL Marks at issue). The YSL Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified above. *See* ECF No. [10-1] at 4-5.

Defendants, by operating the Internet based e-commerce stores under the seller names identified on Schedule "A" (the "E-commerce Store Names"), have advertised, promoted, offered for sale, or sold goods bearing and/or using what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the YSL Marks. *See* ECF Nos. [10-1] at 9–13; [10-2] at 2; [10-3] at 4; [17-1] at 5; [26-1] at 5; [38-1] at 5.

Although each Defendant may not copy and infringe each YSL Mark for each category of goods protected, Plaintiff has submitted sufficient evidence showing that each Defendant has infringed, at least, one or more of the YSL Marks. *See* ECF No. [10-1] at 9–13. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the YSL Marks. *See id.* at 9, 12–13.

Plaintiff's counsel retained Invisible Inc, a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing versions of Plaintiff's products by Defendants and to obtain the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit versions of Plaintiff's branded products. *See id.* at 10; ECF No. [10-2] at 2; ECF No. [10-3] at 3. Invisible Inc accessed the Internet based e-commerce stores operating under each of Defendants' E-commerce Store Names and placed orders from each Defendant for the purchase of various products, all bearing and/or using counterfeits of, at least, one of Plaintiff's trademarks at issue in this action, and requested each product to be shipped to an address in the Southern District of Florida. *See* ECF Nos. [10-3] at 4, [10-4]-[10-8]. Each order was processed entirely online,[3] and following the submission of the orders, Invisible Inc received information for finalizing payment[4] for the various products ordered to their respective payment account, identified on Schedule "A."[5] (*See id.*)  At the conclusion of the process, the detailed web page captures and images of the various products bearing and/or using the YSL Marks ordered via

---

[3] Certain Defendants use their E-commerce Store Names in tandem with image hosting websites and electronic communication via private messaging applications and/or services to complete their offer and sale of counterfeit and infringing Saint Laurent-branded products. *See* ECF No. [10-3] at 4, n.1.

[4] Invisible Inc was instructed to not transmit the funds to finalize the sale for some of the orders from Defendants so as to avoid adding money to Defendants' coffers.  *See* ECF No. [10-2] at 2, n.1; ECF No. [10-3] at 4, n 2.

[5] Certain Defendants also provided contact e-mail addresses in connection with their E-commerce Store Names, which are included on Schedule "A" hereto. *See* ECF No. [10-2] at 3; ECF No. [10-3] at 4, n 2.

Defendants' E-commerce Store Names were sent to Plaintiff's representative for inspection.  *See* ECF Nos. [10-1] at 11; [8-2] at 2.

Plaintiff's representative reviewed and visually inspected the products bearing and/or using the YSL Marks ordered and purchased by Invisible Inc and determined the products were not genuine versions of Plaintiff's goods.  *See* ECF No. [10-1] at 12–13.

Thereafter, Plaintiff discovered certain Defendants were continuing to accept payment for the sale of counterfeit and infringing versions of Plaintiff's products through their E-commerce Store Names via additional payment accounts.  *See* ECF Nos. [17-1] at 5, [17-2]; [26-1] at 5, [26-2]; [38-1] at 5, [38-2].  Accordingly, Plaintiff filed Notices of Identification of Additional Financial Accounts identifying the same.  *See* ECF Nos. [17], [26], and [38].

## III.  DISCUSSION

### A.  Claims

### *1.  Trademark Counterfeiting and Infringement Under 15 U.S.C. § 1114 (Count I)*

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. In order to prevail on its trademark infringement claim under Section 32 of the Lanham Act, Plaintiff must demonstrate that (1) it had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same, or confusingly similar to Plaintiff's trademark, such that consumers were likely to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

### 2. *False Designation of Origin Under 15 U.S.C. § 1125(a) (Count II)*

To prevail on a claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin that is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defendants' goods by Plaintiff. *See* 15 U.S.C. § 1125(a)(1). The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim – i.e., whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992).

### 3. *Cybersquatting Under 15 U.S.C. § 1125(d) (Count III)*

The Anticybersquatting Consumer Protection Act ("ACPA") protects the owner of a distinctive or famous trademark from another's bad faith intent to profit from the trademark owner's mark by registering or using a domain name that is identical or confusingly similar to, or dilutive of, the trademark owner's mark without regard to the goods or services of the parties. *See* 15 U.S.C. § 1125(d). "To prevail under the ACPA, a plaintiff must prove that (1) its mark is distinctive or famous and entitled to protection; (2) the defendant's domain name is identical or confusingly similar to the plaintiff's mark; and (3) the defendant registered or used the domain name with a bad faith intent to profit." *Bavaro Palace, S.A. v. Vacation Tours, Inc.*, 203 F. App'x 252, 256 (11th Cir. 2006) (citing *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001)).

### 4. *Common-Law Unfair Competition and Trademark Infringement (Counts IV and V)*

Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's products is also the determining factor in the analysis of unfair competition under Florida common law. *Rolex Watch U.S.A., Inc. v. Forrester*, No. 83-

8381-CIV, 1986 WL 15668, at *3 (S.D. Fla. Dec. 9, 1987) ("The appropriate test for determining whether there is a likelihood of confusion, and thus trademark infringement, false designation of origin, and unfair competition under the common law of Florida, is set forth in *John H. Harland, Inc. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983.)."); *see also Boston Prof'l Hockey Ass'n, Inc. v. Dall. Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1010 (5th Cir. 1975) ("As a general rule . . . the same facts which would support an action for trademark infringement would also support an action for unfair competition.").

The analysis of liability for Florida common law trademark infringement is the same as the analysis of liability for trademark infringement under § 32(a) of the Lanham Act. *See PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217-18 (S.D. Fla. 2004).

### B.  Liability

The well-pled factual allegations of Plaintiff's Amended Complaint properly allege the elements for each of the claims described above. *See* ECF No. [18]. Moreover, the factual allegations in Plaintiff's Amended Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under each of the claims asserted in the Amended Complaint. Accordingly, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

### C.  Injunctive Relief

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F.

Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See, e.g., PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Plaintiff has carried its burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Specifically, in trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Plaintiff's Amended Complaint alleges that Defendants' unlawful actions have caused Plaintiff irreparable injury and will continue to do so if Defendants are not permanently enjoined. *See* ECF No. [18]. Further, the Amended Complaint alleges, and the submissions by Plaintiff show, that the goods promoted, advertised, offered for sale, and sold by Defendants are nearly identical to Plaintiff's genuine products. *See id*. "The net effect of

Defendants' actions is likely to cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe all of Defendants' goods offered for sale in or through Defendants' e-commerce stores are genuine goods originating from, associated with, and\or approved by [Plaintiff]." *See* ECF No. [18] at 25.

Plaintiff has no adequate remedy at law so long as Defendants continue to operate the E-commerce Store Names because Plaintiff cannot control the quality of what appears to be its products in the marketplace. An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defendants' infringing and counterfeiting actions are allowed to continue. Moreover, Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiff's trademarks, which is an illegal act.

Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' products. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole."). District courts are expressly authorized

to order the transfer or surrender of domain names in an in rem action against a domain name. *See* 15 U.S.C. § 1125(d)(1)(C), (d)(2). However, courts have not limited the remedy to that context. *See, e.g., Philip Morris USA v. Otamedia Ltd.*, 331 F. Supp. 2d 228, 230-31 (S.D.N.Y. 2004) (transferring Yesmoke.com domain name to plaintiff despite the fact that plaintiff did not own a trademark in the term "Yesmoke" and noting that 15 U.S.C. § 1125 "neither states nor implies that an in rem action against the domain name constitutes the exclusive remedy for a plaintiff aggrieved by trademark violations in cyberspace"); *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 853 (E.D. Mich. 2006) (ordering the defendants to disclose all other domain registrations held by them and to transfer registration of a particular domain name to plaintiff in part under authority of 15 U.S.C. § 1116(a).

Defendants have created an Internet-based counterfeiting scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Accordingly, the Court may fashion injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities by canceling or transferring the E-commerce Store Names, assigning all rights, title, and interest to the E-commerce Stores Names, and disabling, de-indexing or delisting the Internet websites and corresponding URLs from search engines, such that these means may no longer be used as instrumentalities to further the sale of counterfeit goods.

### D.  Statutory Damages for the Use of Counterfeit Marks

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it

may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff has elected to recover an award of statutory damages as to Count I of the Amended Complaint.

The Court has wide discretion to determine the amount of statutory damages. *See PetMed Express, Inc.,* 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). An award of statutory damages is appropriate despite a plaintiff's inability to prove actual damages caused by a defendant's infringement. *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-CIV, 2014 WL 1652044, at *7 (S.D. Fla. Apr. 23, 2014) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent.")); *Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.*, No. CIV.A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits). Indeed, Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See, e.g.*, S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure"). This case is no exception.

This Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007). Although the Court is permitted to conduct a hearing on a default judgment in regard to damages pursuant to Federal Rule of Civil Procedure 55(b)(2)(B), an evidentiary hearing is not necessary

where there is sufficient evidence on the record to support the request for damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)); *see also PetMed Express*, 336 F. Supp. 2d at 1223 (entering default judgment, permanent injunction and statutory damages in a Lanham Act case without a hearing).

Here, the allegations in the Amended Complaint, which are taken as true, clearly establish Defendants intentionally copied the YSL Marks for the purpose of deriving the benefit of Plaintiff's famous reputation. As such, the Lanham Act permits the Court to award up to $2,000,000.00 per infringing mark on each type of good as statutory damages to ensure that Defendants do not continue their intentional and willful counterfeiting activities.

The evidence in this case demonstrates that each Defendant promoted, distributed, advertised, offered for sale, and/or sold at least one (1) type of good under at least one (1) type of mark which were in fact counterfeits of at least one of the YSL Marks. *See* ECF No. [18]. Based on the above considerations, Plaintiff suggests the Court award statutory damages of one million dollars ($1,000,000.00) per mark, per type of good. *See* ECF No. [41-1] at 5–6. As each Defendant used at least one counterfeit mark on one type of good, Plaintiff suggests the Court award statutory damages of $1,000,000.00 against each Defendant. *See id.* The award should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's trademarks, compensate Plaintiff, and punish Defendants, all stated goals of 15 U.S.C. § 1117(c). The Court finds that this award of statutory damages falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just.

### E.  Damages for False Designation of Origin

Plaintiff's Amended Complaint also sets forth a cause of action for false designation of origin pursuant to § 43(a) of the Lanham Act (Count II). *See* 15 U.S.C. § 1125(a). As to Count II, the allowed scope of monetary damages is also encompassed in 15 U.S.C. § 1117(c). Accordingly, judgment on Count II is limited to the amount awarded pursuant to Count I and entry of the requested equitable relief.

### F.  Damages for Cybersquatting

Plaintiff's Complaint also sets forth a cause of action against Defendant Numbers 1 and 55-56 (the "Cybersquatting Defendants") for cybersquatting pursuant to the ACPA, 15 U.S.C. §1125(d). As admitted by default, and established by the evidence submitted, the Cybersquatting Defendants have acted with the bad-faith intent to profit from the YSL Marks and the goodwill associated with the YSL Marks by registering their corresponding E-commerce Store Name (the "Cybersquatted E-commerce Store Names"). *See* ECF No. [18] at 33. The Cybersquatted E-commerce Store Names incorporate one or more of the YSL Marks in its entirety, surrounded by descriptive or generic terms, rendering the domain names nearly identical to the YSL Marks.

Upon a finding of liability, the ACPA expressly empowers the Court to "order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(1)(c); *Victoria's Cyber Secret Ltd. P'ship v. Secret Catalogue, Inc.*, 161 F. Supp. 2d 1339, 1356 (S.D. Fla. 2001). Accordingly, Plaintiff is entitled to the transfer and ownership of the Cybersquatted E-commerce Store Names because they are confusingly similar to at least one of the YSL Marks.

Additionally, Plaintiff may elect at any time before final judgment to recover actual damages or statutory damages of not less than $1,000.00 and not more than $100,000.00 per

domain name, as the court considers just. 15 U.S.C. § 1117(d). Plaintiff has elected statutory damages and requests, in view of the Cybersquatting Defendants' intentional, wrongful behavior, an award in the amount of $10,000.00 for each of the Cybersquatted E-commerce Store Names. *See* ECF No. [41] at 16-18; *see also Taverna Opa Trademark Corp. v. Ismail*, 2010 WL 1838384, at *3 (S.D. Fla. May 6, 2010) (awarding $10,000.00 in statutory damages for domain name at issue). The Court finds that this amount is reasonable and, therefore, awards such damages.

### G. Damages for Common Law Unfair Competition and Trademark Infringement

Plaintiff's Amended Complaint further sets forth a cause of action under Florida's common law of unfair competition (Count IV) and trademark infringement (Count V). Judgment on Count IV and Count V are also limited to the amount awarded pursuant to Count I and entry of the requested equitable relief.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [41],** is **GRANTED** against those Defendants listed in the attached Schedule "A." Final Default Judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 24, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:      Counsel of Record

Case No. 23-cv-61028-BLOOM/Otazo-Reyes

## SCHEDULE "A"
## DEFENDANTS BY E-COMMERCE STORE NAME, FINANCIAL ACCOUNTS, AND E-MAIL ADDRESSES

| Def. No. | Defendant / E-commerce Store Name | PayPal Payee | Financial Account | Merchant Number | E-mail Address(es) |
|---|---|---|---|---|---|
| 1 | saintlaurentstore.com | EMMERLY FORD | vmckbkbtuj@hotmail.com | | saintlaurentstore@service.com a@scvmtg.com |
| | | Nancy Lee | viko_killer@web.de | | |
| | | Yen Fang Koh | ebwxgymqvkq@hotmail.com | M7EF2KHQ66MFE | |
| | | Hira Alamdar | | STFGW4QVGAFCC | |
| 2 | 91bag.com | 朱 美奇 @lucyvip1997 | lucyvip1997@hotmail.com | | admin@upaw109.myueeshop.com Topbagstore@outlook.com oldshoemakerjack@outlook.com |
| 3 | aaapurse.ru | 德林 邹 | abbisbest@outlook.com | | luxuryclubservice@gmail.com zoulovecoco@gmail.com |
| 4 | Ad05008 a/k/a twclothes | 伊樊 谢 | kiahnaclagon@outlook.com nadirabrandley1998@outlook.com | | |
| 4 | eason a/k/a twsalerbags | 焕焕 沈 | jantonio233@outlook.com kiahnaclagon@outlook.com | P39UWULZHE5AL | |
| 5 | alicejewellry.com | 梅州市逸贸国际贸易有限公司 | YatradejewelryTCL@outlook.com | V6G94AD778GDU | jewellryalice@gmail.com |
| 6 | alleyluxury.com | MKFashion Pte. Ltd. | support@the1996store.com | 4F9FVN6U77MLE | support@alleyluxury.com |
| 7 | casepark.net | cv. casepark nusantara | caseparktime@gmail.com | V6LNNPBW4ZJ5E | caseparkcs@gmail.com |
| | | CV Andalan Perkasa | morganoneill1991@gmail.com | CEPJG3PULV3CY | |
| 8 | ChineseSneakers | 洲 余 | yu15715097707@163.com | | |
| 9 | clutchesgear.com | 山宇 詹 | gyb8819101@126.com | 55BSHWY6KMGAC | admin@kobaltstore.com |
| 10 | cococf.shop | Samuel Lockyer Notion Store | SamuelLockyer1648@hotmail.com | H9P8ND38MHB36 | hello@cococf.shop lelerjayceecdzl235@gmail.com |
| | | Modesto Special Store | TheoModesto2214@outlook.com | NR9VBYH9TEVZ6 | |
| | | Alexandre Muller Notion Store | | 4CFJEUW8WUME6 | |
| | | Anthony Notion Store | | 7Y7KACTL6T9YS | |
| | | Thomas Notion Store | | SY2LR7LXGRKZJ | |
| | | Derek Ferguson Store | | GEB9ZUNPPDPFG | |
| | | Evernden Category Store | | TBK5J7FP3CGQJ | |
| | | Pearce Notion | | CRQJK52CZSBTN | |

Case No. 23-cv-61028-BLOOM/Otazo-Reyes

|  |  | Store |  |  |  |
|---|---|---|---|---|---|
|  |  | Madeleine Salama Store |  | KZMZL6G2MRPQE |  |
|  |  | Stephanie Variety Store |  | YADQ8KAZCC2RN |  |
|  |  | Mcvey Fashion Store |  | USXVZUDXXYVT8 |  |
|  |  | Sarah Alderson Special Store |  | 3Y97LS9YL5UHJ |  |
|  |  | Alexandru Leescu Special Store |  | 4JTEVQ29LB9KL |  |
|  |  | Laura Cox Category Store |  | FNP2QK5D9KGRW |  |
|  |  | Declan Duncan Special Store |  | MNQ2HPMQMNUME |  |
|  |  | Payandeh Variety Store |  | V4V5UYFFGNZHQ |  |
|  |  | Edwards Category Store |  | BMTJCG2VS6XMJ |  |
|  |  | Timothy Category Store |  | F4CQ5SGTNK3RY |  |
|  |  | Hancock Notion Store |  | WGX7H2X9UWTKY |  |
|  |  | Jacquelyn Category Store |  | YDHSBHGAG3582 |  |
|  |  | Anne Beaumont Store |  | X5GH5484LVLCC |  |
|  |  | ELAINE DORRANCE STORE |  | V9RRHXK6SWZP2 |  |
|  |  | Aaron Sanders Specialty Store |  | SS4AKCPKKJNSL |  |
|  |  | Carline Variety Store |  | BJ6UEBGRUCMH4 |  |
|  |  | Pinnell Specialty Store |  | D2K7K3QR6EGU2 |  |
|  |  | Tracy Boswell Variety Store |  | P53VLUWJJYSZL |  |
| 11 | Dalip Singh Malhotra | Chermaraj Nadar | tchermaraj@gmail.com |  |  |
|  |  | 文荣 颜 | 19577679664@163.com |  |  |
| 12 | datang214 | 许 雪芬 | 13194431318@163.com |  |  |
| 13 | ellabags a/k/a Ellafashionbags | LIUGUOGEN | liuguogen66@hotmail.com bolunfushi@hotmail.com |  |  |
|  |  | Aude Lestrange Notion Store | AudeLestrange1023@outlook.com | 7YESZKZ3DXEVW |  |
|  |  |  |  | PNRFK78TZZKPU |  |
|  |  | Joseph Harvey Category Store |  | 3T7VMDHQQ3J7Q |  |
|  |  | Amandine Valissant Fashion Store |  | UVJD4XV356QZ8 |  |
|  |  | Deborah Smith Variety Store |  | LZCST2K4WZ4R4 | sale@solsticesunglasses.shop |
| 14 | exquisitea.store | Louis Farges |  | GMNPBZM56XGJE |  |

Case No. 23-cv-61028-BLOOM/Otazo-Reyes

| | | Catergory Store | | | |
|---|---|---|---|---|---|
| | | Lee Clark Variety Store | | JFGZRUTKRSYUU | |
| | | Veronique Petro Fashion Store | | JSPM7K225QS4W | |
| | | Wayne Goode Variety Store | | LFBTXHVGMF2UY | |
| | | Christian Barno Special Store | | ENX5FT3MC8XAU | |
| | | Charly Besse Special Store | | NML9WRDAUNSLQ | |
| | | Deborah Smith Variety Store | | LZCST2K4WZ4R4 | |
| | | Didier Thomas Special Store | | GJ9B6A5ZN9CT4 | |
| | | Ashleigh Johnson Special Store | | 4HKJCN29UHZNA | |
| | | David Robinson Fashion Store | | WDKEE5WK6AW3E | |
| | | Jordan Grainger Speciality Store | | QRBRTFXK5HG9Y | |
| | | Mary Dawes Category Store | | GKTGPJVGB6USS | |
| | | Ibrahim Tanak Special Store | | 3GMXSUA284MRG | |
| | | Veronique Petro Fashion Store | | JSPM7K225QS4W | |
| | | Ian Rae Category Store | | BF9V54L2RULTN | |
| | | Gael Savidan Notion Store | | 9QQWGQQ25JH88 | |
| | | Ian Rae Category Store | | BF9V54L2RULTN | |
| | | Meredith Hughes Variety Store | | VBKC45JDQ8G74 | |
| | | Ian Mclaughlin Notion Store | | LDPRAL9T7M8TG | |
| | | Roger Jones | | W63T47DJL5NF6 | |
| | | Alec Burks Fashion Store | | 3P2FAKJPCX9X2 | |
| | | Wayne Goode Variety Store | | LFBTXHVGMF2UY | |
| | | Angela Percevaux Fashion Store | | VAQFJKFTFL6H4 | |
| 15 | gwenjewelry.com | 向日葵首飾國際貿易有限公司 | sunflowerjewelryTCL@hotmail.com | 3ZCFPJBLYEYLG | |
| | | Shenzhen Kangneng Video Technology Co., Ltd. | kangneng.service@outlook.com | Y8EGVV6M83SC4 | |
| | | Dongguan Jieshihao Technology Co., Ltd. | langlingyap@web.de | JBBYEYFDWJM66 | service@gwenjewelry.com |

Case No. 23-cv-61028-BLOOM/Otazo-Reyes

| | | | | | |
|---|---|---|---|---|---|
| 15 | mariajewel.com | 向日葵首飾國際貿易有限公司 | sunflowerjewelryTCL@hotmail.com | 3ZCFPJBLYEYLG | |
| | | | | CWANJ6W2EYGAN | service@mariajewel.com |
| 16 | High Quality Bags (Factory) | | 1969953704@qq.com | | yu1969953704@163.com |
| 17 | *Dismissed* | | | | |
| 18 | jevk.shop | Bogan E-Commerce Co., Ltd | | 6PYVD9UNM46NW | worldmeta@outlook.com |
| | | Trantow E-Commerce Co., Ltd | aprill@dwuwix.com | P78BZ9RSPK768 | |
| 18 | ninecolor.shop | Rempel E-Commerce Co., Ltd | | 64HXPBN44Q2WE | worldmeta@outlook.com |
| | | Trantow E-Commerce Co., Ltd | aprill@dwuwix.com | P78BZ9RSPK768 | |
| 18 | wstrna.shop | Kilback E-Commerce Co., Ltd | | 9DE72E2HJWR48 | aftersaleline@gmail.com worldmeta@outlook.com shoplinevip@outlook.com |
| | | Rempel E-Commerce Co., Ltd | brina@bczmxn.com | 64HXPBN44Q2WE | |
| 18 | uinvs.shop | Trantow E-Commerce Co., Ltd | | P78BZ9RSPK768 | worldmeta@outlook.com |
| 18 | watchtrends.shop | DianXuan Technology Co.,Ltd | | UCREX98J7D282 | aftersaleline@gmail.com worldmeta@outlook.com |
| | | Trantow E-Commerce Co., Ltd | | P78BZ9RSPK768 | |
| 19 | jutuibox.com a/k/a mujichaopaia | 志超 林 | 66336749@qq.com | | |
| | | 福城 苏 | 2991242994@qq.com | | |
| 20 | jwlbag.com | Christopher Herbert Category Store | ChristopherHerbert1547@outlook.com | 8KYWZVYP4C9D2 | hello@jwlbag.com |
| 21 | luxuriousbags.shop | Luxuriousbag | dapu13860702988@outlook.com | | help@afterorderservice.com |
| 22 | luxury goods a/k/a ygshoes188.com | 俊恒 朱 | 16582949323@163.com | | |
| 23 | luxurybages.shop | Hong Kong Regis International Trade Co., Ltd. | US843427071@hotmail.com | 8RU8Q2AN54Q8Q | Luxurytobuy@yeah.net |
| | | Hefei Zaofei Network Technology Co.,Ltd. | carin@prwnscn.com | GCPPSLKZW52JY | help@afterorderservice.com motdoinuitodung52@gmail.com |
| 23 | omegawatchs.shop | 香港瑞杰斯斯国际贸易有限公司 | | 8RU8Q2AN54Q8Q | help@afterorderservice.com motdoinuitodung52@gmail.com |
| 24 | luxurycny | 棋成 吴 | djmikcqr@gmail.com | Seller messaged | |

| # | Store | Company | Email | Code | Other |
|---|---|---|---|---|---|
|  |  |  |  | PayPal info |  |
| 25 | lvbages.shop | Hong Kong Weiyuan Yuan International Trade Co., Limited | luxrytobuy@yeah.net | L6KLRLP3Y5APE Q2NSQ42QSHED8 | Luxurytobuy@yeah.net help@afterorderservice.com motdoinuitodung52@gmail.com |
|  |  | 香港畯揚國際貿易有限公司 | Motdoinuitodung52@gmail.com | EDH2PT2VS7SZ2 |  |
| 25 | strugglersem.shop | Hong Kong Weiyuan Yuan International Trade Co., Limited |  | L6KLRLP3Y5APE | help@afterorderservice.com motdoinuitodung52@gmail.com |
|  |  | Hefei Zaofei Network Technology Co.,Ltd. |  | GCPPSLKZW52JY |  |
| 26 | ma-as-as.com | 义乌市宝凯进出口有限公司 | m13357068860@163.com |  |  |
|  |  | ALMARWAH |  | B8YGZ3XGTTX7E | 13357068860@163.com |
| 27 | mellyoo.com | Xiamen Menglida Trading Co., Ltd. | Lucas.acxp@gmail.com | S6DWDK5DABFAQ | mellyooserve@outlook.com hello@mellyoo.com xpsheperd@gmail.com yociu@outlook.com |
| 28 | Mike a/k/a twsalerbags | 尚快 王 | morganclari795@hotmail.com | Seller messaged PayPal info |  |
| 29 | MISS.C.STUDIO a/k/a Ceci | 润培 胡 | mbayendiombo28@gmail.com | Seller messaged PayPal info |  |
| 30 | missmoin.com | 璐 付 | gwennaggbv3@gmail.com |  | service@missmoin.com |
| 31 | mouobuy.com | *Stripe Payment* | WATERWOOD |  | mouobuy2020@gmail.com |
| 32 | mullners.com | Mullners | mullnershop@hotmail.com | FBLNGXV35G4ZQ | mullnershop@hotmail.com |
| 33 | paisebags.com | 广平 罗 | 2352086559@qq.com | 563KE4GVU629Y | paisehandbags@gmail.com paisehandbags@163.com |
| 34 | qqcass.com | Yingping Dong | service@hokuse.com |  | service@qqcass.com service@facekaba.com |
| 35 | repsuper.com | WILDBURE JOESPH | JOESPHWILDBURE0111@outlook.com | 64RTR6J43SGPY | support@repsuper.com |
| 36 | rlndstore.com | Patrik Carpen | ethirted@gmail.com | D9YCD3ZLW9PMY | support@rlndstore.com orders@rlndstore.com |
| 37 | seamaid_sherry | 陕西众磊城建筑劳务有限公司 | Wadegnes@outlook.com |  |  |
| 38 | shuzzy.co | zaza buturishvili | bubu_eli@yahoo.com |  | email@shuzzy.co |
| 39 | sneakersyupoochina a/k/a xuan_shoes | 梁剑平 | liangcool512@163.com |  |  |
| 40 | Tai Long a/k/a 18588679886 | 彬彬 黄 | 863396818@qq.com | S2SCU3FCKR75C |  |
| 41 | takephonecase.com | 东莞市鑫万来贸易有限责任公司 | 1827545933@qq.com | 2T8LJB5TSWGBJ | Support@takephonecase.com |
| 42 | TALEWEST | 均升 刘 | eurocny@hotmail.com |  | jasonmoney425@163.com |

Case No. 23-cv-61028-BLOOM/Otazo-Reyes

| | | | | | |
|---|---|---|---|---|---|
| 43 | tar.attractme.org a/k/a factory closet | 刘 磊 @carefreelay | 549792824@qq.com | | hytheluxurycloset@gmail.com tarali95520@gmail.com support@attractme.org |
| 44 | tfsbags.com | 绍玉 刘 | lsy18650560398@126.com | | tfsbags@163.com |
| | | Steven Bishop Fashion Store | StevenBishop1142@outlook.com | EKGPW7AFR9Y6L | |
| | | Robert Stanton-Stock Variety Store | StantonStock8736@hotmail.com | 5DHTKZQ3X7ZMY | |
| | | Aaron Sanders Speciality Store | | SS4AKCPKKJNSL | |
| | | Sweatmore Speciality Store | | CJVA4JTGR9BNJ | |
| | | Anne Beaumont Store | | X5GH5484LVLCC | |
| | | Denis Mcleod Special Store | | 3YWPEXM7TTCPE | |
| | | Paul Boness Special Store | | CQZV7KZS7KVVY | |
| | | Cudby Notion Store | | QC37GA2WYJ54Q | |
| | | Sulubika Super Store | | HC2N8ZZ9KEYQQ | |
| | | Phillipa Green Fashion Store | | GUKWZCSC4XG4J | |
| | | Binnie Speciality Store | | S8HU7WV3TE446 | |
| | | Susan Thompson Speciality Store | | NEH7QP2P85D4L | |
| | | Frew Store | | JM2VUYS4A6RGS | |
| | | Alexis Menachaud Store | | LKBF52FXUBG6J | |
| | | Kate Stanley Speciality Store | | DJXQCZVFW27BG | |
| | | MARK RECORD STORE | | MB8H2VV3FSDL4 | |
| | | Thierry Termeau Speciality Store | | 7U8BPEXD2NCA8 | |
| | | Jamie Burch | | LTECGU73QSVE6 | |
| | | JIAJIA ELECTRONIC COMMERCE CO LIMITED | | 4E9HCEXXYHELW | |
| | | Abbate | | NXBQTDCVYVMHG | |
| | | Ethan Kenrick Special Store | | CVBV8H48F4JLU | |
| | | Andrew Knowles Fashion Store | | S4UKCSLTRX2ZQ | |
| | | Brereton Category Store | | ZA83A5P57XKB2 | hello@usa-bag.com hello@irsego.com hello@us-mybag.com |
| 45 | usa-bag.com | Suleiman Special Store | | 9NGUUTMJJUDR2 | |

Case No. 23-cv-61028-BLOOM/Otazo-Reyes

| | | | | | |
|---|---|---|---|---|---|
| | | Hayley-jo Parker Notion Store | | | 4AE3J27AUR6AE | |
| | | Hopkins Variety Store | | | Q5PM92MPAN3BE | |
| 46 | vaniacases.com | xiaoman | gaobingwow@163.com | L9VY9G76WMVFN | info@vaniacases.com |
| 47 | vinniejewelry.com | 佳之島首飾國際貿易有限公司 | JiazhidaoJewelry@outlook.com | GJFJ9JKX2MD4J | services@vinniejewelry.com |
| 48 | wereplica.ru | Nha Phan | bakipgetyouyiiu@gmail.com | | wereplica@gmail.com werep.teamsp@gmail.com |
| 49 | womenbags.nl | Farid Ouahbi | daquafashion@gmail.com | Seller sent PayPal | womenbags7@gmail.com admin@womenbags.nl |
| 50 | Yang Xiao Wu a/k/a xinjiaoyang | 九长 吴 | 1264090877@qq.com | NGQ6KLHMNNLB6 | |
| 51 | youchic.shop | Monorall Technology Co., Ltd. | | FU4S55M9RVUJC | |
| | | Eichmann E-Commerce Co., Ltd | neal@nlmlut.com | YUBM2GF2UEEKA | worldmeta@outlook.com |
| 52 | yupooalbum.ru | Shaobiao Song | 1569863784@QQ.com song09347@163.com | | 525115410@QQ.com |
| 53 | yupoo-store.com | 俞 炜坤 | qzzlx01@163.com | 4XQKUUCQX25Z8 | 3539516044@qq.com |
| 54 | 鼎晟 a/k/a DamonKicks | 志远 杨 | yang471960163@qq.com 13599456405@139.com | | |
| 55 | saintoutlet.com | Rebecca Thomas | crasser.mezzos.0e@icloud.com | | admin@saintlaurentoutlet.com |
| | | Visa Credit Card | REGIAALZ | | service@vipstoremail.com |
| 56 | ysloutletx.com | Visa Credit Card Payment | | | customersonlinehelp@gmail.com |